UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. SABATINI,<br><br>                     Plaintiff,<br><br>v.<br><br>HONORABLE THOMAS E. PRICE,<br><br>                     Defendant. | Case No.: 17-cv-1597-AJB-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |

In this Privacy Act action, Plaintiff William L. Sabatini ("Plaintiff") has filed a motion for a temporary restraining order ("TRO") requesting that the Court restrain the Division of Practitioner Data Banks from disseminating any report made by Mountain View Endoscopy Center, Redlands, CA. (Doc. No. 22.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. For the reasons explained more fully below, the Court **DENIES** Plaintiff's motion.

## **BACKGROUND**

The National Practitioner Data Bank ("NPDB") was established through Title IV of Public Law 99-660, the Heath Care Quality Improvement Act of 1986. (Doc. No. 18-1 at 9 (*see* 42 U.S.C. § 11133).) The focus of the NPDB was to improve the quality of health care by identifying practitioners who are incompetent or engage in unprofessional conduct;

1

thus it acts as a flagging system to restrict the ability of such practitioners to move from state to state without disclosure or discovery of the "physician's previous damaging or incompetent performance." (Doc. No. 1 at 5; Doc. No. 18-1 at 9 (*see* 42 U.S.C. § 11101).)

Plaintiff is a registered nurse and certified registered nurse anesthetist licensed to practice nursing in California. (Doc. No. 1 at 3; Doc. No. 18-1 at 11.) On January 29, 2013, Mountain View Surgery Center submitted a report to the NPDB concerning Plaintiff. (Doc. No. 18-1 at 11.) Report number 5500000079803722 specifically stated that on January 2, 2013, Plaintiff passed out while monitoring one patient during a procedure and subsequently had to be stopped from trying to administer sedation to a patient who had already been sedated. (Doc. No. 18-1 at 11; Doc. No. 18-2 at 30.) Plaintiff contests this report as well as any other reports submitted by Mountain View Surgery Center. (Doc. No. 1 at 8.)

Beginning in February of 2013, Plaintiff began requesting that Mountain View either remove the report or at a minimum correct it. (Doc. No. 18-1 at 12.) On October 9, 2013, the Department of Health & Human Services ("the Department") noted several errors in Mountain View's NPDB report and as a result requested by letter that Mountain View correct the report. (Doc. No. 18-2 at 29–32.) Despite these corrections, Plaintiff continued to challenge the departmental review of the report. (Doc. No. 18-1 at 13.) Therefore, on August 12, 2014, Plaintiff requested reconsideration of the Department's decision to which the Department responded that there was "no basis upon which to conclude that the Report should not have been filed in the NPDB or that the Report is not accurate." (Doc. No. 1 at 20; Doc. No. 18-2 at 53–59.)

Thereafter, on December 7, 2016, Plaintiff again requested amendment by deletion, retraction, or otherwise of Mountain View's NPDB report. (Doc. No. 18-2 at 66–76.) On February 3, 2017, the Department informed Plaintiff that "[t]he NPDB dispute process is inclusive of any rights to review under the Privacy Act" and that Plaintiff had already "exhausted all administrative remedies available to him through the Department," thus his request for additional review was denied. (*Id*. at 82.)

On August 9, 2017, Plaintiff filed the instant lawsuit claiming violations of the Privacy Act 5 U.S.C. §§ 552a(g)(1)(A)(C) and (D). (Doc. No. 1.) Shortly thereafter, on August 30, 2017, Plaintiff filed a motion for summary judgment. (Doc. No. 5.) After setting a briefing schedule on the motion, Defendant filed a notice of failure to properly serve the United States. (Doc. No. 7.) On October 5, 2017, the Court issued an order denying Plaintiff's motion for summary judgment without prejudice as premature, vacated the motion hearing date, and requested that Plaintiff review Defendant's notice of failure to serve. (Doc. No. 9.) On November 6, 2017, Defendant filed a motion to dismiss or motion for summary judgment. (Doc. No. 18.) This motion is still pending with oral argument scheduled for February 8, 2018. (Doc. Nos. 18, 19.) On January 12, 2018, Plaintiff filed the instant matter, his motion for a TRO. (Doc. No. 22.)

## **LEGAL STANDARD**

A temporary restraining order may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). However, a TRO is an "extraordinary remedy" and is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). Instead, the moving party bears the burden of demonstrating four factors: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Although a plaintiff must satisfy all four of the requirements set forth in *Winter*, the Ninth Circuit employs a sliding scale whereby "the elements of the preliminary injunction

test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Accordingly, if the moving party can demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a TRO may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Id.*

## DISCUSSION

The downfall of Plaintiff's motion lies in his failure to demonstrate that he is likely to succeed on the merits of his claims. The fatal flaw being that Plaintiff's motion was filed after the statute of limitations period had expired.

The Privacy Act provides:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . .

5 U.S.C. § 552a(b). Moreover, a suit seeking civil damages under the Privacy Act must be filed

> within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

5 U.S.C. § 552a(g)(5). Thus, generally, an individual must bring suit within two years of the allegedly unauthorized disclosure except where an "agency has willfully misrepresented information required to be disclosed to the individual and which would be material to establishing the agency's liability under the Privacy Act[.]" *Oja v. U.S. Army Corps of Eng'r*, 440 F.3d 1122, 1128 (9th Cir. 2006). In such exceptional circumstances,

4

§ 552a(g)(5) "affords the individual two years from the time he discovers the agency's actions." (*Id.*)

Plaintiff's complaint was filed in August of 2017. (Doc. No. 1.) Though it is not clearly stated in Plaintiff's complaint, the record demonstrates that it is uncontroverted that Plaintiff retained counsel, the law firm of Estelle & Kennedy, to represent him regarding his request for removal of the report filed by the NPDB—this letter is dated February 14, 2013. (Doc. No. 18-2 at 10.) Based on this, the Court can infer that Plaintiff knew of the alleged violations in the beginning of 2013, thus the statute of limitations on Plaintiff's case expired the beginning of 2015. *See Shultz v. Dep't of Army*, 886 F.2d 1157, 1159 (9th Cir. 1989) (holding that the accrual of the statute of limitations in part turns on what a reasonable person would have known). Consequently, the instant matter turns on whether there exists any allegations that Defendant misrepresented information that is material to its liability so that the statute of limitations on Plaintiff's claim may be extended.

The Court first notes that Plaintiff's motion requesting a TRO does not clearly demonstrate why the statute of limitations should be extended. Thus, looking to Plaintiff's complaint, the Court finds a cacophony of allegations including that (1) on February 3, 2017, "the agency materially and willfully misrepresented information required to be disclosed to Plaintiff under the Privacy Act"; (2) that the NPDB's claim that "This consideration decision concludes the administrative remedies made available to you by the Department of Health and Humane Services" is a claim that is a material and willful misrepresentation of the information required to be communicated to Plaintiff; and (3) the NPDB violated 5 U.S.C. § 552a for materially and willfully misrepresenting what procedures are available for Plaintiff to correct his record. (Doc. No. 1 at 3, 20, 21.)

Unfortunately, the Court finds that the majority of these arguments are wholly conclusory and are unsupported by applicable case law. Moreover, point two stated above refers to a letter dated December 2, 2014, thus Plaintiff's filing deadline would have been in December of 2016. Further, some of the arguments are simply procedural requirements for filing a claim and not material to Defendant's liability under the Privacy Act. *See Boyd*

*v. U.S.*, 932 F. Supp. 2d 830, 836 (S.D. Ohio 2013).[1] Thus, as currently pled, the exception to the Privacy Act's statute of limitations does not apply to Plaintiff.

Plaintiff also attempts to argue that the two year limitations period runs from the denial of a request to amend. (Doc. No. 1 at 2, 24.) This argument does little to aid Plaintiff as the Department denied all of his requests for review concerning the Mountain View NPDB report by letter on August 12, 2014. (Doc. No. 18-2 at 41–51.) Thus, the statute of limitations ended in August of 2016—Plaintiff's complaint was filed nearly a year later. Additionally, the Court notes that the case cited by Plaintiff, *Blazy v. Tenet*, 194 F.3d 90 (D.C. Cir. 1999), makes no reference to statute of limitations, but instead analyzes pro se litigants and litigation costs under 28 U.S.C. § 1920. *Id.* at 93–94.

Based on the foregoing, the complaint, Plaintiff's motion for TRO, and the moving papers, the Court finds that Plaintiff has not satisfied his burden in demonstrating the need for the "extraordinary" remedy a TRO provides at this time. *Scott v. Sisto*, No. CIV S-08-2370 GEB KJM P, 2010 WL 2719853, at *1 (E.D. Cal. July 6, 2010). Specifically, considering the facts alleged in the complaint, it appears unlikely that Plaintiff will succeed on the merits as he has not offered sufficient factual allegations or legal theories to argue that his claims fall within the exception to the statute of limitations. On a side note, the Court finds that Plaintiff seeks an order granting him the ultimate relief he seeks in this action, with the exception of damages. However, the Court is not persuaded by the arguments he has presented. As a result, as Plaintiff has not established the first factor in moving for a TRO as required by the Ninth Circuit, his motion for a temporary restraining order is **DENIED.** *See Seymour v. U.S. Dep't of Def.*, No. 10-CV-983 JLS (POR), 2010 WL 3385994, at *3 (S.D. Cal. Aug. 26, 2010).

///

---

[1] The Court notes that it is cognizant that this case is not dispositive to the instant matter. However, the Court finds the case persuasive in determining Plaintiff's likelihood of success on the merits.

## CONCLUSION

As explained more fully above, the Court **DENIES** Plaintiff's motion for a temporary restraining order **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: January 16, 2018

Hon. Anthony J. Battaglia
United States District Judge