UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. SABATINI,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HONORABLE THOMAS E. PRICE, M.D., Secretary of the United States Department of Health and Human Services,<br><br>　　　　　　　　　Defendant. | Case No.: 17-cv-01597-AJB-JLB<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF'S COMPLAINT AS TIME-BARRED;**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT; AND**<br><br>**(3) CLOSING THIS CASE**<br><br>(Doc. Nos. 1, 30) |

On March 6, 2018, the Court dismissed Plaintiff William Sabatini's ("Plaintiff") Privacy Act complaint finding that it was barred by its two-year statute of limitations. (Doc. No. 38.) The Court then granted Plaintiff one last chance to demonstrate circumstances justifying equitable tolling or actions on Defendant Thomas E. Price's ("Defendant") part that warrant application of the Act's exception to its time-bar. (*Id*. at 17.) On March 13, and 19, 2018, Plaintiff filed his supplemental briefs, (Doc. Nos. 39, 42), and on March 20, 2018, Defendant filed his response in opposition, (Doc. No. 43). Unfortunately, despite the fact that the statute of limitations issue in this case has been pending since November of

2017, with the Court holding a hearing on this topic on February 7, 2018, (Doc. Nos. 18, 27), Plaintiff has still failed to demonstrate that his Privacy Act complaint is timely. Accordingly, for the reasons stated below, the Court **DISMISSES** the instant action and **DENIES AS MOOT** Plaintiff's motion for summary judgment. (Doc. Nos. 1, 30.)

## BACKGROUND

The Court and the parties are already well-versed as to the factual allegations of this matter. Thus, the Court will only provide a brief summary of the events leading up to the institution of this action.

On August 9, 2017, Plaintiff, a Registered Nurse and Certified Registered Nurse Anesthetist licensed to practice Nursing in California, filed a complaint against Defendant alleging violations of the Privacy Act. (*See generally* Doc. No. 1.) Specifically, Plaintiff alleges that Defendant allowed a non-eligible entity to access the National Practitioner Data Bank[1] ("NPDB") and submit two inaccurate reports about him.[2] (*Id.* at 8.) The reports at issue involve narratives from medical staff that state that Plaintiff showed up to work at Mountain View Surgery Center sleepy and disoriented. (Doc. No. 18-2 at 6.) Additionally, the reports allege that Plaintiff may have been abusing drugs, that he was a safety concern to the patients, and that Plaintiff defended his symptoms as side effects of the flu and low blood sugar. (*Id.*) Plaintiff contests any and all reports tendered by Mountain View. (Doc. No. 1 at 8.) Moreover, as illustrated in Plaintiff's response to the report, he submitted to a 10-panel drug test that yielded negative results. (Doc. No. 18-2 at 7–8.)

To request amendment or removal of the reports, Plaintiff, represented by counsel at that time, began contacting Defendant on February 14, 2013. (*Id.* at 10.) On October 9,

---

[1] The NPDB is a "national clearinghouse designed to facilitate information-sharing and thus prevent incompetent doctors from moving freely between states who might otherwise be unable to trace their negative records." *Chudacoff v. University Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1147 n.2 (9th Cir. 2011).

[2] The first report was filed on January 29, 2013, and was later amended. (Doc. No. 18-2 at 5.) The amended report was filed on May 2, 2013. (*Id.* at 24.)

2013, Defendant requested that the NPDB amend the report so that the "Date Action was Taken" and "Date Action Became Effective" fields be reported as January 11, 2013, as well as alter the "Description of the Act" section as it found that it was not factually sufficient. (*Id*. at 31.) After the corrected report was posted, Defendant denied Plaintiff's dispute. (*Id*. at 49.) On August 26, 2014, Plaintiff requested reconsideration of Defendant's decision, (*Id*. at 53), which was denied on December 2, 2014, (*Id*. at 59–64).

Two years later, on December 7, 2016, Plaintiff again demanded that Defendant correct or remove the report. (*Id*. at 66.) On February 3, 2017, Defendant stated that as Plaintiff had "availed himself of the NPDB dispute resolution process and received a decision," and "utilized the reconsideration process and received a decision," Defendant would deny his request for "additional review." (*Id*. at 82.) In coming to this conclusion, Defendant stated that the "NPDB dispute process is inclusive of any rights to review under the Privacy Act." (*Id*.) Almost half a year later, Plaintiff then filed his Privacy Act lawsuit with this Court. (Doc. No. 1.)

In sum, Plaintiff argues that through the dissemination of these purportedly inaccurate reports, Defendant has allowed the NPDB to permit ineligible organizations to access its system of records and receive erroneous information about Plaintiff, that Defendant failed to make him aware of his rights to amendment under the Privacy Act, that the NPDB materially and willfully misrepresented what procedures were available to Plaintiff to correct his record, and that Defendant violated the Privacy Act by maintaining an inaccurate, irrelevant, and unnecessary report about him. (*See generally* id.)

## **DISCUSSION**

The Court appreciates Plaintiff's diligent efforts in litigating this case since 2017 as a pro se litigant. However, though the Court must ensure pro se litigants "meaningful access to the courts[,]" *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998), pro se litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

One such rule of procedure dictates that statutes of limitations is an issue "that must be resolved before the merits of individual claims." *Gray v. Beard*, No. 12-CV-1911-H (RBB), 2013 WL 4782821, at *5 (S.D. Cal. Sept. 6, 2013); *see also Young v. United States*, 535 U.S. 43, 47 (2002) (holding that statutes of limitations serve an important purpose: "repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities.") (citation omitted); *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008) (explaining that statutes of limitations "protect defendants against stale or unduly delayed claims."). Thus, despite Plaintiff's repeated and ardent efforts to reach the merits of his claim—as evidenced by his attempts to argue his underlying cause of action in his supplemental briefs, (*see* Doc. No. 39 at 8–14), the Court must first resolve whether his Privacy Act claim is timely.

In supporting the theory that his complaint is not time-barred, Plaintiff re-hashes several of the same arguments that the Court already analyzed and dismissed when it granted Defendant's Rule 12(b)(6) motion on March 6, 2018. (Doc. Nos. 21, 38.) For purposes of this Order, the Court expounds that Plaintiff's supplemental briefs argue that (1) *Englerius v. Veterans Administration* supports his argument that the public would be "poorly served" if this Court dismissed his case; (2) that his statute of limitations began on February 3, 2017; (3) the NPDB does not inform subjects of reports that they have amendment rights under the Privacy Act; (4) per *Doe v. Thompson*, the Secretarial Review process is not inclusive of the Privacy Act; and (5) that Defendant never complied with the Privacy Act when it reviewed his amendment request. (*See generally* Doc. Nos. 39, 42.) Defendant challenges each of Plaintiff's contentions. (Doc. No. 43.)

A. <u>Defendant had no Legal Duty to Inform Plaintiff of His Amendment Rights Under the Privacy Act</u>

Plaintiff again attempts to resurrect the argument that the NPDB was legally bound to inform him of his Privacy Act amendment rights. (Doc. No. 39 at 2.) Moreover, for a third time, Plaintiff asserts that the NPDB intentionally conceals the Act from subjects of

4

reports as evidenced by the NPDB website and Guidebook, both of which do not reference the Privacy Act. (*Id.*)

As an initial matter, the Court notes that it is unsure as to how the preceding contentions demonstrate that Plaintiff's complaint is timely, that he is entitled to equitable tolling, or that his Privacy Act claim falls within the exception to its statute of limitations. Instead, in the Court's opinion, it seems that Plaintiff wishes to expose the NPDB as an agency that is conspiring against him or that he was unable to file his Privacy Act claim on time due to the NPDB's intentional concealment of the Act. These allegations are as baseless as they are incredulous.

No matter, the Court will again put to rest Plaintiff's abovementioned theories. As delineated by both Defendant and the NPDB Guidebook, 45 C.F.R. Part 60 governs the NPDB. NATIONAL PRACTITIONER DATA BANK, GUIDEBOOK ch. A (2015), https://www.npdb.hrsa.gov/guidebook/APreface.jsp. Most notably, under subchapter A of Title 45, the Code of Federal Regulations exempts Defendant from the requirements of 5 U.S.C. 552a(d)(1) through (4) and (f). 45 C.F.R. § 5b.11(a), (b)(1)(ii). Presently, Plaintiff's brief points directly to 5 U.S.C. § 552a(d)(3) to confirm his belief that the NPDB had a duty to inform him that he could file a Privacy Act claim in district court. (Doc. No. 42 at 2.) Thus, it is clear to the Court and should be to Plaintiff at this point that the NPDB is exempt from the access, amendment, and notification provisions specified in section (d)(3).[3]

Furthermore, though the Court need not reach this issue, the Court wishes to dispel Plaintiff's notion that the NPDB "goes to great lengths to prevent the subjects of reports from discovering their rights under the Privacy Act." (*Id.* at 4.) To specifically support this contention, Plaintiff claims that the NPDB Guidebook and the NPDB website do not mention the Privacy Act. (*Id.*) Plaintiff even asks the Court to confirm this fact itself. (*Id.*)

---

[3] Even if the NPDB was not exempt from 5 U.S.C. § 552a(d)(3), the Court disagrees with Plaintiff's characterization of sections (d)(3) and (g)(1)(A) of the Act.

Awkwardly, the Court went to the NPDB website and a cursory search of the "NPDB Resources" tab illustrates that the Privacy Act is listed as "Other Related Legislation & Regulations."[4] A screenshot for Plaintiff's benefit is provided below.



Likewise, the NPDB Guidebook also references the Privacy Act. In fact, it repeats what the Court and Defendant have already expounded—that the NPDB system of records has "been exempted from certain Privacy Act access" requirements. NATIONAL PRACTITIONER DATA BANK, GUIDEBOOK ch. A (2015) https://www.npdb.hrsa.gov/guidebook/AGeneralInformation.jsp#CivilLiabilityProtection. Another screenshot is provided below.

---

[4] The Court takes judicial notice of the NPDB website and the NPDB Guidebook. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. Jan. 30, 2015) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the internet,' such as websites run by governmental agencies.").



Based on the foregoing, Plaintiff's extraneous arguments revolving around the NPDB and its alleged failure to inform him of the Privacy Act fail to demonstrate the timeliness of his complaint.

B. <u>Plaintiff's Complaint Does Not Fall Within the Exception to the Privacy Act's Statute of Limitations</u>

A suit seeking civil damages under the Privacy Act must be filed:

> within two years from the date on which the cause of action arises, <u>except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section</u>, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

5 U.S.C. § 552a(g)(5) (emphasis added). A cause of action under the Privacy Act "commences when the person knows or has reason to know of the alleged violation. Because the accrual of the statute of limitations in part turns on what a reasonable person

should have known[.]" *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990) (internal citations omitted).

The marrow of the preceding exception is that Plaintiff must demonstrate that the agency "materially and willfully" misrepresented information "required to be disclosed" and that the subject information is "material to establishment of liability." 5 U.S.C. § 552a(g)(5). As to the first element, the Court notes that willfulness is defined as "[a]n act . . . done voluntarily and intentionally, and with the specific intent to do something the law forbids." Bryan A. Garner, A Dictionary of Modern Legal Usage 936 (2d ed. 1995). In general, demonstrating intent is a high standard, thus it is no surprise that the Privacy Act's exception is only provided in "exceptional circumstances." *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1128 (9th Cir. 2006). No such exceptional circumstances have been demonstrated here.

Plaintiff's primary contention is that Defendant lied when it stated that its review process is "inclusive of" any rights to review under the Privacy Act. (Doc. No. 39 at 5–6.) Specifically, Plaintiff contends that the evidence in the record explicitly demonstrates that the review of his record was only made under the NPDB's limited "Secretarial Review," that per *Doe v. Thompson*, the NPDB provides less protections than the Privacy Act, and that there is no evidence that Defendant ever reviewed his record or request for amendment under the Privacy Act. (*Id.* at 3–6.) The Court notes that the preceding assertions simply echo what Plaintiff already stated in his opposition brief to Defendant's motion to dismiss. (Doc. No. 21.) Now, some three months later however, the same arguments still fail to illustrate that the NPDB made any statements to Plaintiff with the intention to deceive him or that the NPDB willfully misrepresented facts to him. Moreover, the exception revolves around information that <u>must be disclosed</u> to Plaintiff. *See e.g.*, 5 U.S.C. § 552a(g)(5); *Boyd v. United States*, 932 F. Supp. 2d 830, 836 (S.D. Ohio 2013). Plaintiff has not produced any evidence to illustrate that disclosure of the foregoing statements is mandatory.

Thus, as a whole, Plaintiff's allegations do not demonstrate that the exception to the Privacy Act's two year statute of limitations is applicable to his case. *See Perry v. Block*,

684 F.2d 121, 129 (D.C. Cir. 1982) (holding that an agency's confused, delayed, and disjointed response to a request for records was not "willful or deliberate in the sense demanded by the Privacy Act."); *see also Pope v. Bond*, 641 F. Supp. 489, 500 (D.C. Cir. 1986) (finding the FAA's repeated denial of the plaintiff's requests to access his FAA files was a willful and material misrepresentation); *Mudd v. U.S. Army*, No. 2:05-cv-137-FtM-29DNF, 2007 WL 4358262, at *7 (M.D. Fla. Dec. 10, 2007) (holding that Plaintiff's assertion that the Army "intentionally and willfully withheld information" did not demonstrate that the subject report was "materially and willfully" misrepresented by the Army).

On a final note, the Court agrees with Defendant in that its review process is inclusive of the Privacy Act. Plaintiff proceeds in his case under the misconception that the Privacy Act and 45 C.F.R. 60.21 are two distinct review processes that conflict with each other. (Doc. No. 39 at 2.) Specifically, Plaintiff argues that (1) Defendant diverted him to its "limited internal review" procedures at 45 C.F.R. 60.21; (2) that his initial letter to the NPDB was not a Privacy Act review; and (3) that the procedures under § 60.21 are not inclusive of the Privacy Act. (*Id*.) However, the Court highlights that the Privacy Act section of the NPDB Guidebook points individuals to the Privacy Act Systems of Record Notice—system no. 09-15-0054. NATIONAL PRACTITIONER DATA BANK, GUIDEBOOK ch. A (2015) https://www.npdb.hrsa.gov/guidebook/AGeneralInformation..Jsp#CivilLiabilityProtection.

Turning to this notice, under a section titled "Contesting Record Procedures," it states that "all amendment requests will be governed by the procedures at 45 CFR 60.21." System of Record Notice 09-15-0054, Health Res. & Servs. Admin. (March 2016), https://www.hrsa.gov/about/privacy-act/09-15-0054.html. Thus, the NPDB was not attempting to sneak around the procedures set forth in the Privacy Act as insinuated by

Plaintiff. Instead, a Privacy Act review specific to the NPDB requires that the NPDB follow § 60.21.[5]

Presently, it is undisputed that Plaintiff filed his Privacy Act lawsuit outside of its statute of limitations and that his claim does not fall under the statute's exception. The action may now only proceed if it qualifies for some form of equitable relief from the deadline.

### C. Plaintiff is Not Entitled to Equitable Tolling

The Court has previously made clear that a plaintiff is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In this case, the "extraordinary circumstances" Plaintiff lists are his lack of knowledge about the Privacy Act and his attorneys' lack of expertise and familiarity with the NPDB and the Privacy Act. (Doc. No. 42 at 3–4.)

Despite how Plaintiff may have understood the Court's previous order, the Court does not doubt that Plaintiff reached out to various attorneys to aid him in this matter as well as researched on the internet. Nevertheless, the reasons Plaintiff has provided to the Court at this time still do not rise to the "extraordinary circumstances" standard proscribed by this circuit to permit the imposition of equitable tolling in this case.[6]

---

[5] Plaintiff points the Court to *Doe v. Thompson*, 332 F. Supp. 2d 124 (D.C. Cir. 2004), to support his argument that the procedures in 45 C.F.R. 60.21 are not inclusive of the Privacy Act. (Doc. No. 39 at 3.) However, the Court notes that *Doe* was decided in 2004, whereas the system of record notice was last reviewed in 2016 and the operative NPDB Guidebook was published in April of 2015. Thus, the holding in *Doe* is not persuasive.

[6] Employing the "Internet archive: Wayback Machine," the Court notes that the NPDB website on August 6, 2014, listed the Privacy Act as "Other Related Legislation and Regulations." INTERNET ARCHIVE: WAY BACK MACHINE, https://web.archive.org/web/20140806133320/https://www.npdb.hrsa.gov/resources/aboutLegsAndRegs.jsp (last visited March 29, 2018). Thus, taking judicial notice of this page, the Court finds that it weakens Plaintiff's arguments justifying equitable tolling. *See Erickson v. Nebraska Machinery Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages

First, Plaintiff's previous attorneys' failures to file a Privacy Act claim in district court is not misconduct so "egregious" to constitute an "extraordinary circumstance." *See Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003). Thus, without more information as to whether Plaintiff's attorneys' purported mistakes were simply "garden variety" negligence or nefarious professional misconduct, the Court cannot toll the statute of limitations on Plaintiff's claim. *See Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) ("[A]cts or omissions that transcend garden variety negligence and enter the realm of 'professional misconduct' may give rise to extraordinary circumstances if the misconduct is sufficiently egregious.") (citation omitted). Furthermore, as already clearly delineated in the Court's previous order, ignorance of the law is not a basis for equitable tolling. *See Bojorquez v. Unknown*, No. CV 14-1553-DDP (AGR), 2014 WL 2197786, at *2 (C.D. Cal. May 23, 2014).

In sum, Plaintiff has again failed to demonstrate that there existed extraordinary circumstances that prevented him from filing his Privacy Act claim on time. Thus, he is not entitled to equitable tolling.

D. *Englerius v. Veterans Administration* Does Not Save Plaintiff's Complaint

In his brief, Plaintiff again cites to *Englerius v. Veterans Administration*, 837 F.2d 895 (9th Cir. 1988). (Doc. No. 39 at 4.) Specifically, Plaintiff focuses the Court's attention on the Ninth Circuit's following statement:

> We reject the contention that the limitations period begins to run at the time a request under the Act is made. We hold that the statute of limitations for a Privacy Act claim, 5 U.S.C. § 552a(g)(5), commences at the time that a person knows or has reason to know that the request has been denied.

---

available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Pond Guy, Inc. v. Aquascape Designs, Inc.*, No. 13-13229, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014) (same).

11

17-cv-01597-AJB-JLB

(*Id.* (citing *Englerius*, 837 F.2d at 897).) This "amendment" statute of limitations only applies to cases brought under section (g)(1)(A) of the Act. *See Bassiouni v. F.B.I.*, No. 02 C 8918, 2003 WL 22227189, at *2 (N.D. Ill. Sept. 26, 2003); *see also Blazy v. Tenet*, 979 F. Supp. 10, 18 (D.C. Cir. 1997) ("[I]n amendment cases, the two year period is measured from the denial of a request to amend."). Thus, under this standard, Plaintiff argues that he only made a Privacy Act amendment request on December 7, 2016, (Doc. No. 18-2 at 66), which was denied on February 3, 2017, (*Id.* at 82). Consequently, employing *Englerius*, Plaintiff's statute of limitations ends on February 3, 2019. (Doc. No. 39 at 4–5.) The Court again disagrees.

First, the Court notes that Plaintiff's complaint is not only an amendment lawsuit under (g)(1)(A), but also alleges violations under (g)(1)(B), (C), and (D). (Doc. No. 1.) Additionally, and most importantly for purposes of this Order, as already clearly explained *supra* p. 9, the NPDB's review of Plaintiff's amendment request beginning in 2013 was made pursuant to the Privacy Act. Thus, when the NPDB denied his request for amendment on August 12, 2014, (Doc. No. 18-2 at 41), Plaintiff's statute of limitations began to run and ultimately it extinguished on August 12, 2016. Plaintiff's complaint was filed nearly a year later.

Accordingly, even under the "amendment" statute of limitations provided by *Englerius*, Plaintiff's complaint is untimely.

## **CONCLUSION**

The Court again reiterates that it appreciates the diligence and assiduity with which Plaintiff has proceeded with his case as a pro se litigant. Regrettably, none of the arguments produced by Plaintiff in his supplemental briefs demonstrate that his Privacy Act claim is entitled to equitable tolling or warrants application of the exception to the statute of limitations.

As Plaintiff himself states, the Privacy Act "seeks to provide a remedy for governmental conduct that by its very nature is frequently difficult to discover . . . ." (Doc. No. 39 at 1 (citing *Englerius*, 837 F.2d at 898).) In the present matter, the governmental

conduct that caused Plaintiff to request amendment of his records was plainly obvious to him as the purportedly false report was filed with the NPDB on January 29, 2013, and Plaintiff was represented by counsel requesting removal of the report by February 14, 2013. (Doc. No. 18-2 at 5–10.) In light of this, in the Court's view, a two year statute of limitations beginning in 2013 was more than enough time for Plaintiff to discover and seek a remedy under the Privacy Act.

In sum, despite the two additional supplemental briefs filed by Plaintiff, the Court again concludes that Plaintiff's Privacy Act claim was filed after its two year statute of limitations and that there are no reasons to justify equitable tolling or the application of the exception to the time-bar. Accordingly, the Court **DISMISSES** this case **WITH PREJUDICE**, (Doc. No. 1), and **DENIES AS MOOT** Plaintiff's motion for summary judgment, (Doc. No. 30). The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: April 5, 2018

Hon. Anthony J. Battaglia
United States District Judge